UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DEVANDAL BERNARD THOMAS,

    Plaintiff,

v.                                              Case No. 3:13cv571/RV/CJK

MICHAEL C. CREWS, Secretary
of the Florida Department of Corrections,
*et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on the third amended civil rights complaint filed by plaintiff, who is proceeding *pro se* and *in forma pauperis*, under 42 U.S.C. § 1983 (doc. 20).[1] The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, the undersigned finds that it should be dismissed as malicious.

---

[1] Plaintiff filed his third amended complaint on August 20, 2014.

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*)[2] in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 20, p. 4). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "Yes." (*Id.*). He disclosed four cases - this case; Case Number 3:11cv376/LAC/CJK, filed in this court; Case Number 3:11cv465/MCR/EMT, filed in this court; and Case No. 3:12cv101-J-25TEM, filed in the Middle District of Florida. At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (Doc. 20, p. 9). Thus, in effect, plaintiff stated that, at the time he filed his complaint, he had not initiated any other action in federal court that related to the fact or manner of his incarceration.

As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when

---

[2] Question (A) asked plaintiff whether he had initiated other actions in state court dealing with the same or similar facts/issues involved in the present action. Question (B) asked plaintiff whether he had initiated other actions in federal court dealing with the same or similar facts/issues involved in this action. Plaintiff answered "No," to both these questions. (Doc. 19, p. 3).

Case No. 3:13cv571/RV/CJK

a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction.  In light of 28 U.S.C. § 1915(g),[3] the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision.  The information obtained from the disclosure requirements also helps the court evaluate whether the action is related to or should be considered in connection with another case or whether a holding in another case affects the current action.  The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The court may take judicial notice that, at the time plaintiff filed his complaint in this case, plaintiff had initiated at least four other recent–or contemporaneous–civil actions in federal court that required disclosure: Case No. 3:12cv825/MMH/JRK (docketed July 10, 2012, in the Middle District of Florida and dismissed without prejudice on July 26, 2012); Case No. 3:11cv823/MMH/MCR (docketed August 17, 2011, in the Middle District of Florida and voluntarily dismissed on September 6, 2011); Case No. 3:10cv282/TJC/JRK (docketed March 31, 2010, in the Middle District of Florida and dismissed without prejudice on April 9, 2010); and Case No. 3:14cv346/MCR/EMT (docketed July 21, 2014, in this court and dismissed as malicious on September 22, 2014).  Each of these four cases dealt with the conditions of plaintiff's confinement and each was dismissed prior to service.  Plaintiff did not disclose any of these federal actions in the third amended complaint despite the

---

[3] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Case No. 3:13cv571/RV/CJK

complaint form's clear instruction to disclose actions initiated in either state or federal court "that relate to the fact or manner of your incarceration (including habeas corpus petitions)."[4] (Doc. 1, p. 4). Plaintiff also did not amend his complaint to disclose the fact that Case No. 3:14cv346/MCR/EMT was dismissed as malicious, as required by the form.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."[5] (Doc. 20, p. 3). Plaintiff also was alerted to the necessity of full disclosure when the judge dismissed Case No. 3:14cv346/MCR/EMT for failure to fully disclose his litigation history. If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The court should not allow plaintiff's false responses to go unpunished. An

---

[4] Plaintiff also failed to disclose two habeas petitions: Case Nos. 0:07cv60411-UU and 0:03cv62255WPD, both of which were dismissed, one voluntarily.

[5] Plaintiff did not indicate he was unsure about his litigation history.

Case No. 3:13cv571/RV/CJK

appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1.  That this action be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 16th day of March, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**